# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

Frankie Cornell Ellis, Jr.         )
             Petitioner,       )
                              )     No. 20 CV 50002
v.                            )     Judge Iain D. Johnston
                              )
Andrew Ciolli,[1]              )
             Respondent.     )

## MEMORANDUM OPINION AND ORDER

Petitioner Frankie Cornell Ellis, Jr. filed a petition under 28 U.S.C. § 2241 to vacate his conviction for possession of a firearm by a felon. Before the Court is the respondent's motion to dismiss Mr. Ellis' petition because when he pleaded guilty, he waived his right to bring such a petition. Dkt. 13. For the reasons that follow, the motion to dismiss [13] is granted, the petition [1] is dismissed, and this case is terminated.

## Background

Because this matter is before the Court on a motion to dismiss, not much of a record has been developed in this habeas matter. The Court has therefore turned to the filings in the underlying criminal case, of which it can take judicial notice. *See White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). Mr. Ellis was indicted in two separate cases in the District Court for the Eastern District of North Carolina. In 4:07 CR 26, he was indicted on one count of conspiracy to distribute and possess with the intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846; one count of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924; three counts of distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1); and one count of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1). In 5:07 CR 60, he was indicted on a single count of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924. Mr. Ellis entered into a plea agreement with the government to plead guilty to two counts, the conspiracy charge in the '26 case and the felon in possession of a firearm count in the '60 case, in exchange for the government dropping the remaining five firearm and drug charges in the '26 case. In the written plea agreement, Mr. Ellis agreed to waive his right to challenge his conviction or sentence in any post-conviction proceeding:

    2.        The Defendant agrees:

. . .

              c.       To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

Dkt. 13, Ex. A (Plea Agreement) at 2. At his change of plea hearing, the district judge confirmed with Mr. Ellis that he understood the rights he was waiving:

> Judge: I want you to listen now as I go over the terms and conditions of this and summarize it for the public record. And when I get through, I want you to tell me whether I have left out anything you consider to be important and whether I have stated an understanding that is different from yours in any way. My understanding is that . . . you waive your right to contest your conviction or sentence in any post-conviction proceedings. You have reserved the right to present by way of motion or appeal any contentions that you may have as to ineffective assistance of counsel or prosecutorial misconduct.
>
> . . .
>
> Have I fairly and accurately summarized the terms of this memorandum of plea agreement as you understand it?
>
> Mr. Ellis: Yes, sir.

*Id*, Ex. B (Change of Plea Colloquy) at 13-16.

The district judge sentenced Mr. Ellis to terms of 262 months' imprisonment for the drug offense and 120 months for the firearm offense, to run concurrently. Mr. Ellis appealed his sentence, but the Fourth Circuit affirmed based on the appellate waiver. *See United States v. Ellis*, 340 Fed. App'x 891 (4th Cir. 2009). He then filed a motion under 28 U.S.C. § 2255 asking to be resentenced without a career offender enhancement, but that also failed. *See* No. 4:07 CR 26 (E.D.N.C. Apr. 3, 2013) at Dkt. 78; No. 05:07 CR 60 (E.D.N.C. Aug. 20, 2013) at Dkt. 87. Mr. Ellis is currently housed at Coleman I USP in Florida, though when he filed his 28 U.S.C. § 2241 petition with this Court he was housed at USP Thomson, which is within this district and so jurisdiction here is proper. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021). His projected release date is April 12, 2022.

In his § 2241 petition, Mr. Ellis argues that his conviction as being a felon in possession of a firearm cannot stand because of the U.S. Supreme Court's fairly recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm, but also that the defendant *knew* he was a member of that group. *See id*. at 2195-96. In response, the respondent filed a motion to dismiss the § 2241 petition based on the appellate waiver in Mr. Ellis' plea agreement. The Court initially gave Mr. Ellis to December 8, 2020, to respond. *See* Dkt. 15. After Mr. Ellis wrote to report that he

received the order setting the deadline, but never received the motion to dismiss, the Court noticed that he had switched facilities without updating his address, directed the clerk to update his address for him, sent him a copy of the respondent's motion to dismiss and exhibits, and extended the deadline to respond to March 31, 2021. Dkt. 17. To date, Mr. Ellis has still not responded, and so the Court rules without the benefit of his views on the motion to dismiss.

## Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions under 28 U.S.C. § 2241, the court must dismiss any petition if it plainly appears that the petitioner is not entitled to relief in the district court. *See also* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014).

As quoted above, in his plea agreement Mr. Ellis waived "any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Dkt. 13, Ex. A at 2. His petition raises neither of those excepted grounds. As the Seventh Circuit has noted, waivers of both the right to appeal and to proceedings seeking collateral review are enforceable except in limited circumstances, such as when the sentencing court relied on a constitutionally impermissible factor like race, the sentence imposed exceeded the statutory maximum, or the plea was not knowing and voluntary or counsel was ineffective in negotiating the plea. *See Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020).

Mr. Ellis does not address the collateral-attack waiver in his petition. By not responding to the motion to dismiss, he has missed the opportunity to assert in opposition to the motion any ground for not enforcing the waiver. Nor does the Court perceive from the record before it any basis for not enforcing the waiver. The written waiver clearly encompasses post-conviction petitions like this, and the district judge's plea colloquy established that Mr. Ellis understood the terms of the plea agreement, including the collateral-attack waiver. To the extent Mr. Ellis could contend that his plea was involuntary because he was unaware at that time that the Supreme Court would later recognize that the government needed to show that he knew he was a felon, a subsequent change in the law does not make a waiver involuntary. *See United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014) ("the fact that Vela did not anticipate that the Supreme Court would overrule *Demaree* does not render his decision to plead guilty involuntary. While Vela may in hindsight regret his decision to waive his appeal rights as part of his plea agreement, that is not enough to permit withdrawal of his plea.").

Because Mr. Ellis' post-conviction petition squarely falls within the scope of his agreed-upon collateral-attack waiver, and in the absence of any argument or evidence that the waiver should not be enforced, it plainly appears that Mr. Ellis is not entitled to the relief he seeks in his petition. Accordingly, the government's motion to dismiss it is granted.

The Court briefly notes that even if Mr. Ellis had not agreed upon a collateral-attack waiver as part of his plea agreement, his argument that his conviction for being a felon in

possession cannot stand would likely have been unavailing. To pursue collateral relief under 28 U.S.C. § 2241, Mr. Ellis must first establish that his claim falls within the savings clause of 28 U.S.C. § 2255(e), which requires among other things showing that his conviction as a felon in possession of a firearm was a miscarriage of justice. *See Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). That is a hurdle Mr. Ellis is unlikely to overcome. Although arising in the plain error context, the Seventh Circuit has held that to establish a plea was involuntary because of *Rehaif*, a defendant must show a "reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *United States v. Williams*, 946 F.3d 968, 971-72 (7th Cir. 2020). Mr. Ellis does not assert in his petition that he would have insisted on going to trial had he been aware that the government would have to prove he knew he was a felon. Such a choice would seem exceedingly unlikely given the other firearm and drug counts the government dropped in exchange for Mr. Ellis' plea.

An additional consideration is Mr. Ellis' substantial criminal background. As his sentencing court noted when denying his motion for compassionate release, "[p]rior to his conviction for the instant offenses, defendant had been convicted of four felonies, including one where defendant shot the victim four times and another involving vaginal intercourse with a minor. (PSR ¶¶ 24, 25.) He is required to register as a sex offender. (*Id.* ¶ 25.) . . . He committed the instant offenses while on probation. (*Id.* ¶ 35.)" *United States v. Ellis*, No. 4:07 CR 26 (E.D. N.C. Nov. 25, 2020). According to Mr. Ellis' Presentence Investigation Report (filed as an exhibit in another of his habeas proceedings) as well as public records, Mr. Ellis spent 20 months incarcerated during 2003-04 after violating the terms of probation he received on convictions for assault with a deadly weapon and indecent liberties with a child. *See Ellis v. Ciolli*, No. 19 CV 50318, Dkt 17 ¶¶ 24-25 (N.D. Ill.); https://webapps.doc.state.nc.us/opi/offendersearch.do (search for Frankie C. Ellis on May 5, 2021). His time incarcerated "would severely hamper an assertion that he was ignorant of the fact that [his prior crimes were] punishable by more than a year of imprisonment." *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (a defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights); *United States v. Harrison*, No. 19 CV 4516, 2020 U.S. Dist. LEXIS 193306, at *6-7 (N.D. Ill. Oct. 19, 2020) (it is "highly implausible" that a defendant previously convicted of two felonies and who served more than a year for at least one of them would be unaware of his status as a felon). For this additional reason, it does not seem reasonably probable that had Mr. Ellis known of *Rehaif*, he would have decided to go to trial on all of the charges against him rather than proceed with his guilty plea.

## CONCLUSION

Because the claim Mr. Ellis raises in his § 2241 petition falls within the scope of his collateral-review waiver, it plainly appears that he is not entitled to the relief he seeks. Accordingly, the respondent's motion to dismiss [13] is granted, the petition [1] is dismissed, and this case is terminated.

Mr. Ellis is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Ellis need not bring a motion to reconsider this Court's ruling

to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Ellis cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 5, 2021          By: _____

Iain D. Johnston
United States District Judge